1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   ANTHONY ARCHULETA,                  Case No. CV 15-4695 DMG (SS)

12                Plaintiff,             **MEMORANDUM DECISION AND ORDER**

13        v.                            **DISMISSING COMPLAINT WITH**

14   COUNTY OF LOS ANGELES, et al.,      **LEAVE TO AMEND**

15                Defendants.

16

17

18                              **I.**

19                         **INTRODUCTION**

20

21        On  June  11,  2015,[1]  Anthony  Archuleta  ("Plaintiff"),  a

22   California state prisoner proceeding <u>pro se</u>, filed the operative

23   Complaint alleging violations of his civil rights pursuant to 42

24   U.S.C. § 1983.  (Dkt. No. 1).

25   _____

26   [1] Under the "mailbox rule," a pleading filed by a <u>pro se</u> prisoner
     is deemed to be filed as of the date the prisoner delivered it to
27   prison authorities for mailing.  <u>Houston v. Lack</u>, 487 U.S. 266,
     270 (1988).  Here, the Court has calculated the filing date as
28   the date Plaintiff signed the Complaint.

Congress mandates that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portion, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1-2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc). For the reasons stated below, the Complaint is DISMISSED with leave to amend.

## II.

### ALLEGATIONS OF THE COMPLAINT

Plaintiff sues the following individuals and entities in their individual and official capacities: (1) the County of Los Angeles ("County"); (2) the Los Angeles County Sheriff's Department (the "LASD"); (3) John Scott, the Los Angeles County Sheriff (the "Sheriff"); (4) "Deputy Sheriff Moguel" ("Moguel"), a sheriff's deputy at Twin Towers Correctional Facility ("Twin Towers"), where Plaintiff was formerly incarcerated; and (5) three unknown deputies assigned to Twin Towers (the "Doe Defendants") (collectively "Defendants"). (Complaint at 3-5, 15-20).[2]

---

[2] The Complaint contained misnumbered pages and a "supplemental brief" section. For ease of reference, the Court has renumbered the pages consecutively.

1    Plaintiff complains of his treatment at Twin Towers, where
2   he was detained from December 21, 2013 until July 10, 2014. (Id.
3   at 20).    Plaintiff alleges that on July 9, 2014, he was
4   transferred from one prison cell to another.  (Id. at 21).   When
5   he saw the condition of his new cell—-smeared feces, broken
6   ventilation system—-he complained to the prison guard, Doe
7   Defendant #1.  (Id.).  According to Plaintiff, when he refused to
8   enter the cell, Doe Defendant #1 threatened to throw Plaintiff
9   into the cell by force. (Id. at 21, 27).  Doe Defendant #1 called
10  for assistance and three additional officers arrived: Doe
11  Defendants #2, #3, and Defendant Moguel.  (Id.).   Doe Defendant
12  #1 then switched one of Plaintiff's hands from being handcuffed
13  at his waist to behind his back.  (Id. at 22).  He then threaded
14  Plaintiff's waist-chain through the feed slot of the prison cell
15  door.   Plaintiff alleges that he was stooped inside the cell
16  door, immobile, because Doe Defendant #1 had threaded part of his
17  waist chain through the food tray opening and outside the prison
18  door.  (Id.).   Plaintiff then alleges Doe Defendant #1 grabbed
19  and lifted Plaintiff's left leg from behind, thereby throwing
20  Plaintiff forward.  (Id.).  Plaintiff hit his head on the metal
21  sink and toilet seat before landing face down on the floor.
22  (Id.).   Doe Defendants #2 and #3, along with Defendant Morel
23  stood by and watched, and did not stop Doe Defendant #1, even
24  when Plaintiff cried out in pain.  (Id.).

25

26    Doe Defendant #3 then yanked on the chain (from outside the
27  prison door) until Plaintiff was forced upright with his back
28  flush against the inside of the prison door.  (Id. at 23).   After

1  twenty minutes, Defendant Moguel returned and released Plaintiff,
2  offered him extra food, and told him she called a doctor, she
3  also advised Plaintiff to "Forget about it." (Id.).  The next
4  morning, Plaintiff was transferred to Wasco State Prison.

5

6      Plaintiff asserts that: (1) the County is sued in its
7  official capacity for the acts of its employees, under the
8  doctrine of respondeat superior, and for failing to train
9  Defendant Moguel and Doe Defendants not to use excessive force;
10 (2) the LASD is sued in its official capacity for the acts of its
11 employees, under the doctrine of respondeat superior, and for
12 failing to train Defendant Moguel and Doe Defendants not to use
13 excessive force; (3) the Sheriff is sued in his official and
14 individual capacity, under the doctrine of respondeat superior,
15 for the actions of Defendant Moguel and Doe Defendants, and for
16 failing to train Defendant Moguel and Doe Defendants not to use
17 excessive force; (4) Defendant Moguel is being charged in her
18 individual capacity for excessive force against Plaintiff; (5)
19 Doe Defendants are being charged in their individual capacities
20 for excessive force against Plaintiff. (Id. at 15-28).

21

22     Plaintiff seeks compensatory and special damages "in a sum
23 according to proof," and punitive and exemplary damages "in an
24 amount appropriate to punish or set an example of Defendants and
25 deter future similar conduct," declaratory relief, and a jury
26 trial.  (Id. at 38-39).
27 //

28

III.

DISCUSSION

Under 28 U.S.C. section 1915A(b), the Court must dismiss Plaintiff's Complaint due to multiple pleading defects. However, the Court must grant a <u>pro</u> <u>se</u> litigant leave to amend his defective complaint unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted). Accordingly, for the reasons stated below, the Complaint is DISMISSED with leave to amend.[3]

**A.   <u>Plaintiff Fails To State A Claim Against The County</u>**

Although there is "no constitutional impediment to municipal liability," <u>Monell v. Dep't of Soc. Servs. of City of New York</u>, 436 U.S. 658, 690 n.54 (1978), a local government unit may not be held responsible for the acts of its employees under a <u>respondeat</u> <u>superior</u> theory of liability.   <u>Id.</u>, 436 U.S. at 691; <u>see also</u> <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 483 (1986) (extending <u>Monell</u>'s analysis of municipal liability to counties). To assert a valid section 1983 claim against the County, Plaintiff must show both a deprivation of constitutional rights and a departmental policy, custom or practice that was the "moving force" behind the constitutional violation.   <u>Villegas v.</u>

_____

[3] A magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge.   <u>See</u> <u>McKeever v. Block</u>, 932 F.2d 795, 798 (9th Cir. 1991).

1   *Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008).

2   There must be "a direct causal link between a [County] policy or

3   custom and the alleged constitutional deprivation." *See* *id.*

4   (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

5   Proof of a single incident of unconstitutional activity, or even

6   a series of "isolated or sporadic incidents," is insufficient to

7   impose liability under section 1983. *Gant v. Cnty. of Los*

8   *Angeles*, 772 F.3d 608, 618 (9th Cir. 2014) (quoting *Okla. City v.*

9   *Tuttle*, 471 U.S. 808, 823-24 (1985). Rather, liability must be

10  "founded upon practices of sufficient duration, frequency and

11  consistency that the conduct has become a traditional method of

12  carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th

13  Cir. 1996).

14

15      Plaintiff asserts that the County violated his Eighth

16  Amendment rights "by its reckless and negligent administration of

17  the Los Angeles County Sheriff's Department." (Complaint at 15-

18  16). However, Plaintiff does not identify a policy, custom or

19  practice that led to his alleged injures. The single incident

20  giving rise to Plaintiff's alleged injuries is insufficient to

21  establish that such a policy existed. Moreover, as already

22  discussed, the County may not be held liable for the acts of its

23  employees under a *respondeat superior* theory of liability. *See*

24  *Monell*, 436 U.S. at 691. Accordingly, Plaintiff fails to state a

25  valid *Monell* claim against the County.

26  //

27  //

28  //

**B.     The LASD Is An Improper Defendant**

Plaintiff alleges that the LASD failed to "properly train, supervise and/or give effective policies and procedures to its employees." (Complaint at 16).  To gain relief under section 1983, a plaintiff must plead: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).  However, a police department is not a "person" for the purposes of a section 1983 action.  See Hervey v. Estes, 65 F.3d 784, 791 (9th Cir. 1995) (police narcotics task force not a "person" or entity subject to suit under section 1983); United States v. Kama, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) (local government departments and bureaus are generally not considered "persons" within the meaning of section 1983).  Accordingly, the LASD is not a proper defendant in this action, and Plaintiff's claims against LASD must be dismissed.

**C.     Plaintiff's Claims Against The Sheriff In His Official Capacity Must Be Dismissed**

Plaintiff sues the Sheriff in his individual and official capacities. (Complaint at 3 and 17).  The official capacity claims against the Sheriff are defective and must be dismissed.

Official capacity claims are "another way of pleading an action against an entity of which an officer is an agent."

1  <u>Hafter v. Melo</u>, 502 U.S. 21, 25 (1991) (quoting <u>Monell v. Dep't</u>

2  <u>of Soc. Servs. of City of New York</u>, 436 U.S. 658, 691 (1978)).

3  If a government entity is named as a defendant, it is not only

4  unnecessary and redundant to name individual officers in their

5  official capacity, but also improper.  See <u>Ctr. for Bio-Ethical</u>

6  <u>Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't</u>, 533 F.3d 780,

7  799 (9th Cir. 2008).  Here, the County is a named defendant and

8  the Sheriff is a County employee.  Accordingly, Plaintiff's

9  claims against the Sheriff in his official capacity are defective

10  and must be dismissed.  Under section 1983, Plaintiff may sue the

11  Sheriff only in his "individual" capacity.

12

13  **D.  Plaintiff Fails To State A Claim Against The Sheriff In His**

14  **Individual Capacity**

15

16  Plaintiff is suing the Sheriff in his individual capacity

17  (Complaint at 17) but does not assert that the Sheriff personally

18  participated in violating Plaintiff's constitutional rights.

19  Because vicarious liability is inapplicable to section 1983

20  suits, however, "a plaintiff must plead that each Government-

21  official defendant, through the official's own individual

22  actions, has violated the Constitution." <u>Ashcroft v. Iqbal</u>, 556

23  U.S. 662, 676 (2009).  The plaintiff must establish either the

24  official's personal participation or "a sufficient causal

25  connection" between the official's conduct and the alleged

26  constitutional violation.  <u>Starr v. Baca</u>, 652 F.3d 1202, 1207

27  (9th Cir. 2011).  Plaintiff does not identify any specific

28  conduct by the Sheriff or a connection between conduct and

constitutional violations.   As such, he fails to show a causal connection between the Sheriff's alleged action or inaction and any constitutional violations.   Accordingly, Plaintiff's claims against the Sheriff in his individual capacity must be dismissed.

**E.    Discovery of "Doe" Defendants**

Plaintiff fails to plead the names of Doe Defendants #1, #2, and #3.   Plaintiff is responsible for obtaining the full name of each defendant named in any amended complaint.   Failure to do so will result in dismissal of claims against these three "Doe" defendants.

Plaintiff is entitled to conduct discovery in order to obtain this information.   See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) ("[W]here the identity of the alleged defendant is not known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.") (quoting Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) (alterations omitted)).   Accordingly, if Plaintiff does not know the full names of the defendants identified above, he must promptly pursue discovery by immediately serving written interrogatories on the appropriate named defendants (or depositions upon written questions on non-parties) and requested the names or identities of the Doe defendants.   Plaintiff may then discover and

9

substitute the full names of those defendants who are inadequately identified in the current complaint.

### IV.

### CONCLUSION

For the reasons stated above, Plaintiff's Complaint is dismissed with leave to amend.  If Plaintiff still wishes to pursue this action, he is granted **forty-five (45) days** from the date of this Memorandum and Order in which to conduct discovery, discover the names of the Doe defendants, and file a First Amended Complaint.  Plaintiff must act promptly in order to obtain discovery answers in time to file his amended complaint.

In any amended complaint, Plaintiff shall cure the defects described above.  The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the original Complaint.

Plaintiff should confine his allegations to those operative facts supporting each of his claims.  Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.** Plaintiff should identify the nature of each separate legal claim

10

1

2

3   and make clear what specific factual allegations support his

4   claims.  Plaintiff is strongly encouraged to keep his statements

5   concise and to omit irrelevant details.

6

7   **Plaintiff is explicitly cautioned that failure to timely**

8   **file a First Amended Complaint, or failure to correct the**

9   **deficiencies described above, will result in a recommendation**

10  **that this action be dismissed with prejudice for failure to**

11  **prosecute and obey Court orders pursuant to Federal Rule of Civil**

12  **Procedure 41(b).**  Plaintiff is further advised that if he no

13  longer wishes to pursue this action, he may voluntarily dismiss

14  it by filing a Notice of Dismissal in accordance with Federal

15  Rule of Civil Procedure 41(a)(1).  A form Notice of Dismissal is

16  attached for Plaintiff's convenience.

17

18  DATED:  July 27, 2015

19

20                                    /S/
                                      SUZANNE H. SEGAL
21                                    UNITED STATES MAGISTRATE JUDGE

22

23                                **NOTICE**

24

25  **THIS DECISION IS NOT INTENDED FOR PUBICATION IN LEXIS, WESTLAW OR**

26  **ANY OTHER LEGAL DATABASE.**

27

28